HOLDREGE *vs.* GWYNNE· and others.[†]

1. This court will not, at the suit of a creditor, restrain the alienation of property alleged to be held in trust for the widow, if the party applying is a creditor at large, without any judgment or claim that would be a lien on the property if it was held by the debtor in his own name.

2. Property purchased by one partner with the funds of the partner-

[*] Decree affirmed, *post, p.* 511.

[†] CITED *in Deveney* v. *Mahoney,* 8 *C. E. Gr.* 249.

ship, in his own name, or that of his wife, will be considered as belonging to the partnership and held in trust for it.

3. Where an answer fully denies the facts in the bill on which the equity to sustain an injunction depends, the injunction will be dissolved, provided the denial is upon the knowledge of the defendant, but not when the denial is of facts not within such knowledge, but on information only.

4. The facts upon which the injunction depends must be verified by positive proof, annexed to the bill, or the injunction will be dissolved, even if the denial in the answer is not sufficient for want of personal knowledge by the defendant.

The complainant by his bill, filed January 19th, 1866, alleges that he entered into an agreement with William H. Gwynne, husband of the defendant, Margaret L. Gwynne, to conduct, in partnership, the manufacture of illuminating gas, under certain inventions and patents of the said Gwynne; the latter to furnish his inventions and skill, and the complainant to furnish the money required from time to time. The agreement further stipulates, that all patents and inventions which should be obtained and invented by said Gwynne, either for the said manufacture of gas or any other purpose, should be vested in the complainant and the said Gwynne equally, and that they should share equally in all profits and losses in their business. That after the commencement of operations under said agreement, sundry improvements were from time to time made, and patents obtained therefor and vested in the complainant and the said Gwynne; and that large expenditures of money were required, and the money furnished by the complainant. That the said Gwynne, during the co-partnership, had no other means of living, and drew, from time to time, from the moneys furnished by the complainant to the co-partnership business, and from moneys received in such business, and appropriated the same to his family and personal expenses, to the amount of several thousand dollars; and that his personal expenses were of an extravagant character, not warranted by his means or business, and reckless of the co-partnership interests.

The bill further charges, that Gwynne, being acquainted with the apparatus and materials required in their business,

and the complainant not familiar therewith, the purchase and use of such materials was, in general, left to Gwynne; and that, in abuse of such confidence, the said Gwynne, with fraudulent design, did frequently bring in bills for expenses to a larger amount than was actually expended by him, and, procuring the money, appropriated the excess so fraudulently obtained to his private uses, and also appropriated, in the same way, moneys received from sales of interests in the patent rights aforesaid, belonging to the co-partnership, and from the sale of co-partnership effects, the complainant relying upon the good faith of Gwynne, and upon his making a proper and fair settlement of accounts, when the same should become advisable.

The bill further charges, that the said Gwynne, while largely indebted to the complainant on the partnership account, and insolvent, purchased valuable tracts of land, at the price of $19,000, and procured the conveyances thereof to be made to his wife, the said Margaret L. Gwynne; and that the said Margaret had no means of her own, and paid no part of the said purchase money; but that $11,000 of the purchase money was taken by the said Gwynne out of the moneys and assets belonging to said co-partnership, and out of proceeds of sales of partnership property and patent privileges, (the balance being secured by mortgage,) he being at that time indebted to the complainant on account of the partnership transactions nearly the whole amount actually paid on said purchase; and that the purchases and vesting of the title to said lands in said Margaret was either an actual fraud, or, under the special circumstances of the case and the existing relations between the said Gwynne and the complainant, a constructive fraud upon the complainant.

The bill further charges, that the said Gwynne died intestate, leaving no other real estate than that so purchased as aforesaid by the funds of the co-partnership, and a very small amount of personal estate, insufficient to pay his personal debts; that soon after his decease, his widow removed to New York, with her children, where she now resides, and

took with her all the personal property of the said Gwynne. It further charges, that the said Margaret L. Gwynne, claiming to hold said lands in her own right, has entered into negotiations for the sale of, and has sold, the most valuable portion thereof, and designs to receive and appropriate the money to her own use; that in such case, the proceeds would be removed from this state, and out of the jurisdiction of this court; and that the said Margaret, being an irresponsible person, otherwise than by her pretended ownership of said lands, the complainant would be greatly embarrassed, and in all probability be defeated in recovering his claim.

The bill further charges, that the said Margaret L. Gwynne has already sold one of the said tracts of land to one Charles W. Opdyke, and taken a mortgage upon the same for $6000, dated December 8th, 1865, payable April 5th, 1866, and that she has not assigned or transferred said mortgage, or received any of the moneys secured thereby.

The bill prays an account of the partnership dealings up to the dissolution thereof; that the said Margaret L. Gwynne be decreed to hold said lands, proceeds, and mortgage debt, in trust, to satisfy the amount upon such accounting found due, and for the appointment of a receiver; and that the said Margaret L. Gwynne may be restrained from selling, leasing, encumbering, or otherwise disposing of any part of said lands not conveyed as aforesaid, or from in any wise disposing of or intermeddling with the said mortgage taken by the said Margaret L. Gwynne upon the tract so sold by her as aforesaid, or the bond indebtedness, and the money thereby secured; and that the said Charles W. Opdyke may be restrained from paying to the said Margaret L. Gwynne, or to any other person, any part of the money secured by said mortgage.

The defendants, in their answer, admit an agreement between the complainant and the said Gwynne for the manufacture of gas, but deny that any such partnership as alleged in the bill of complaint was ever formed or entered into. They admit that the right and title to one-half interest in the patents and inventions for the manufacture of gas was vested

in the complainant, but deny that the interest was acquired by virtue of any partnership, but by purchase from the said Gwynne; or that it was held in common, but to the sole and separate use of the said complainant. They admit that the said Gwynne drew from the moneys realized from said business transactions for his personal purposes, but deny that they were other than such as he was entitled to draw and use, and allege that the said Gwynne realized large sums of money during the whole period of said business connection, by the sale of shares or interests in the half of his various patent rights, which were his sole and exclusive property, and that the said sales were made with the complainant's knowledge and assent. They deny recklessness of the interests of the business, and of the complainant; also, all connivance or device to deceive and mislead the complainant, and all fraud, actual or constructive. They deny the sale of any interests in the patent rights belonging jointly to the complainant and the said Gwynne, secretly and unknown to the complainant, and the appropriation of any sum whatever, belonging wholly or in part to the complainant. They admit that Margaret L. Gwynne paid no part of the purchase money for the land, but that the same was paid by the said Gwynne, but deny that at the time of said purchase, or afterwards, the said Gwynne was in any way indebted to the said complainant, or that the said lands were purchased with moneys taken out of assets belonging to the said alleged co-partnership, or out of the sales of partnership property, but allege that they were bought with the proceeds of sales of divers interests out of his one half interest in the patents and inventions aforesaid, amounting to more than $20,000.

An injunction issued pursuant to the prayer of the bill. The defendants now move to dissolve, upon answer filed.

*Mr. E. T. Green,* in support of the motion

*Mr. W. B. Williams,* contra.

THE CHANCELLOR.

The injunction in this case depends on two grounds. The first is, that the property which the defendant, Margaret L. Gwynne, is restrained from selling, was purchased by her husband, William H. Gwynne, now deceased, in October, 1864, in her name, when he was insolvent and largely indebted to the complainant, who was his partner, or to the partnership; and that the purchase was an actual or constructive fraud on the complainant. The fact of indebtedness, though alleged and sworn to in a very indefinite manner, is perhaps sufficiently verified for the purpose of an injunction; and the purchase of the property by Gwynne, and that it was paid for with his own money and not that of his wife, is admitted by the answer. But these facts are not sufficient to sustain the injunction. It is a well settled principle that in such cases of alleged fraud in the purchase or disposition of property, this court will not interfere in favor of a creditor at large who has no judgment or other claim that would be a lien on the property if the title was in the debtor. *Wiggins* v. *Armstrong*, 2 *Johns. C. R.* 144; *Edgar* v. *Clevenger*, 1 *Green's C. R.* 258; *Young* v. *Frier*, 1 *Stockt.* 465.

If this property had been bought by Gwynne in his own name, the complainant could not now prevent his heirs or devisee from selling it free from his debt, nor could he prevent a sale by Gwynne, if living.

The second ground is, that the land was bought by Gwynne, in the name of his wife, with the funds of the partnership, and therefore a trust results in favor of the partnership, and that the complainant has a lien as partner, upon the property. Admitting the principle, that if one partner purchases property with the funds or assets of the firm, either in his own name or that of his wife, it will be held by them in trust for the firm, yet to sustain the injunction, the fact that it was so purchased with the funds of the firm must positively appear by the bill and proofs; and even then, the injunction will be dissolved if the fact is denied by the answer. The answer denies that it was purchased with the

funds of the firm ; it is full and complete, and states fully and without evasion, that it was not so purchased ; and further, that it was paid for with the private funds of Gwynne, and states the source from which they were derived. This answer would be sufficient on this point to dissolve the injunction, were it not that the facts are not in the knowledge of the defendant. To make the denial in an answer the ground of dissolving an injunction, it must be of facts within the knowledge of the defendant. *Roberts* v. *Anderson*, 2 *Johns. C. R.* 202; *Everly* v. *Rice*, 3 *Green's C. R.* 553; *Williams* v. *Stevens' Adm'r*, 1 *Halst. C. R.* 119; *Lines* v. *Spear*, 4 *Halst. C. R.* 154; *Morris Canal* v. *Jersey City*, 3 *Stockt.* 14. As a matter of pleading the defence is full and complete.

But upon examining the bill and the annexed affidavits upon which the injunction was granted, it will be found deficient in proof on this very point. There is not any proof that Gwynne paid for this property with the funds or assets of the firm. None is attempted, except by inference from the fact that he had no property to pay with, except the partnership assets and the patent rights. By the written agreement set forth in the bill, the patent rights did not belong to the partnership, but one half to each partner, individually. And there is nothing in the bill or proofs of the complainant to show that he might not have procured the money by the sale of his share of the patents.

It is another established principle of this court in the matter of injunctions, that all the facts necessary to sustain the injunction must be verified by positive proof, or the injunction will be dissolved. *Campbell* v. *Morrison*, 7 *Paige* 157; *Bank of Orleans* v. *Skinner*, 9 *Paige* 305 ; *Bogert* v. *Haight, Ibid.* 297 ; *Perkins* v. *Collins*, 2 *Green's C. R.* 482.

The question, whether new matter can be set up as a ground for dissolving an injunction, does not arise here. The allegation, that the funds with which the land was paid for, were Gwynne's own funds, and derived from the sale of his individual property, is responsive to the charge in the bill that it was bought with partnership funds.

Let the injunction be dissolved.