BERNARD MEYER et al., complainants-appellants,

*v.*

THE SOMERVILLE WATER COMPANY et al., defendants-respondents.

[Submitted December 11th, 1911.  Decided March 4th, 1912.]

1. The object of a preliminary injunction is to prevent some threatening, irreparable injury pending a full and deliberate investigation of the case upon the merits.

2. A preliminary injunction will not be ordered unless from the pressure of an urgent necessity, and where the damage threatened during the pendency of the suit is of an irreparable character.

3. A preliminary injunction will not be granted merely to allay the fears and apprehensions of individuals.  They must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed to their injury.

4. An order of the court of chancery denying a preliminary injunction, without prejudice to the complainants to renew their application should the necessity therefor arise, will not be reversed on appeal where the material facts of the bill, on which the complainants' equity depends, are met by a full, explicit and circumstantial denial under oath.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Walker, denying a preliminary injunction.

*Mr. Edward P. Johnson, Jr.,* for the appellants.

*Mr. Alvah A. Clark* and *Mr. Richard V. Lindabury,* for the respondent the Somerville Water Company.

*Mr. John A. French,* for the respondent the board of chosen freeholders of the county of Somerset.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from an order of the court of chancery deny-ing a preliminary injunction.

The bill of complaint alleges that the complainants are riparian owners on the Raritan river; that the defendant, the Somerville Water Company, was organized in 1881, under the act of April 21st, 1876 (*P. L. 1876 p. 318*), for the purpose of supplying the towns of Somerville and Raritan, and the inhabitants thereof, with water; that it has been engaged in the business authorized by its charter ever since its incorporation; that in 1907 it con-tracted with the Piscataway Water Company, the Raritan Town-ship Water Company and the Elizabethtown Water Company to furnish water not to exceed twenty million gallons per day; that it has laid without lawful authority a thirty-six-inch water main from a point near its pumping station in Raritan, through Rari-tan and Somerville, and has made application to the board of chosen freeholders of the county of Somerset for permission to extend the main along a county road from the Somerville line to a point in the county of Middlesex. The bill then charges that the main is much larger than is necessary to supply Somerville and Raritan; that the company's real purpose in laying the main is to use it for the purpose of taking and diverting water from the Raritan river at a point above the lands of the complainants in order to fulfill its contract with the other water companies. The bill prays that the company be enjoined from the further lay-ing of the thirty-six-inch main, and from taking or diverting any waters of the Raritan river, or its tributaries, other than are necessary for the use of Somerville and Raritan; and that the board of chosen freeholders be enjoined from granting a permit to lay the main in the county road.

Both parties submitted affidavits. It is conceded that the com-plainants are riparian owners, that the Somerville Water Com-pany has entered into a contract with the other companies and has laid a thirty-six-inch main as alleged in the bill.

The affidavits on the part of the complainants state that, by reason of the several matters stated in the bill, the deponents be-lieve it is the intention of the Somerville Water Company to take and divert from the Raritan river and its tributaries large quanti-

ties of water to fulfill its contract, to the great damage of the complainants.

On the other hand, the reply affidavit submitted by the Somerville Water Company denies that the thirty-six-inch main was laid without lawful authority, and that it is enormously excessive for the requirements of Somerville and Raritan, although it may be in excess of such present needs. It admits that the water main was laid with the idea of fulfilling the contract with the other water companies, and that the company does not own or possess a sufficient water supply to enable it to fulfill such contract, but it denies that the company proposes to divert or take water from the Raritan river or its tributaries from any point above the lands of the complainants without lawful authority. It avers that the company has under consideration several schemes for furnishing a supply of water, but that no final plan has been determined upon. It further states that the company has not, and never has had, any intention of taking any water from the Raritan river, or any of its tributaries, in order to fulfill its contract with the other companies, or for any purpose other than to supply Somerville and Raritan, without first acquiring as against the complainants a right so to do, either by purchase or condemnation; and that the company has never claimed, and does not now claim, to have any such right.

Upon the hearing of the rule to show cause, the application for preliminary injunction was denied,

"without costs, and without prejudice to the complainants to renew their application if the defendant should attempt to divert, transport, convey, sell or use the waters of the Raritan river, or its tributaries, from a point therein above the lands of the complainants, except for the purpose of supplying Somerville and Raritan."

We are of opinion that such denial was proper.

The object of a preliminary injunction is to prevent some threatening, irreparable injury pending a full and deliberate investigation of the case upon the merits. *Thompson* v. *Paterson, 9 N. J. Eq. (1 Stock.) 624.*

It will not be ordered unless from the pressure of an urgent necessity, and where the damage threatened during the pendency

of the suit is of an irreparable character. *Citizens' Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. (2 Stew.) 299; West Jersey Railroad Co.* v. *Cape May, &c., Railroad Co., 34 N. J. Eq. (7 Stew.) 164.*

It will not be granted merely to allay the fears and apprehensions of individuals. They must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed to their injury. *Lutheran Church* v. *Maschop, 10 N. J. Eq. (2 Stock.) 57.*

The general rule is that a preliminary injunction will not issue where the material facts in the bill, on which the complainants' equity depends, are met by a full, explicit and circumstantial denial under oath. *Citizens' Coach Co.* v. *Camden Horse Railroad Co., supra; Grand Castle of the Golden Eagles* v. *Bridgeton Castle, 40 Atl. Rep. 849; West Jersey Railroad Co.* v. *Cape May, &c., Railroad Co., supra.*

In the present case the material facts averred in the bill on which the complainants' equity depends are those which unexplained tend to show that the defendant company intends to take and divert water, other than for Somerville and Raritan, from the Raritan river or its tributaries above complainants' lands to their irreparable injury.

The complainants do not aver that the company ever expressly claimed the right to take such water for such purpose, nor that the company ever expressly or directly threatened or announced an intention so to do. But we are asked to reverse the court below, because it is said that the acts of the company are consistent with such unlawful intention. Granting that to be so, they are also consistent with lawful purposes, among others, the taking of such water only if and when it has obtained the right to do so by purchase. When, therefore, the duly-authorized officer of the defendant company states under oath that the company has not and never had any intention of taking or diverting such water without first acquiring as against the complainants the right so to do by purchase, or in other lawful manner, the court below was quite justified in denying the preliminary injunction, without prejudice to the complainants to renew their application

if the defendant company should attempt to take or divert such water, except for the admitted lawful purpose.

The order under review will be affirmed, but since the complainants were quite justified in making their application in order to avoid the imputation of laches in any subsequent proceedings which may be necessary to maintain their rights, it will be without costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY —15.

*For reversal*—None.