FRANK BRUNETTO, complainant and respondent,

*v.*

TOWN OF MONTCLAIR, IN THE COUNTY OF ESSEX, et al., defendants and appellants.

[Submitted December 11th, 1916.   Decided March 5th, 1917.]

1. An injunction will not issue to restrain a prosecution for a penalty under a municipal ordinance regulating the erection of buildings, on the mere ground that such ordinance is invalid or does not bind the property of the party seeking the injunction.   Such grounds, if sound, constitute a complete defence to the prosecution in a court of law, and if convicted he has an adequate remedy by *certiorari.*

2. The object of a preliminary injunction is to prevent some threatening, irreparable injury pending a full and deliberate investigation of the case upon its merits, and it will not be ordered unless from the pressure of urgent necessity, and where the damage threatened during the pendency of the suit is of an irreparable character.

3. A preliminary injunction will not be granted merely to allay the fears and apprehensions of individuals.   They must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed to their injury.

4. The award by the court of chancery of a preliminary injunction restraining a town and its building inspector from tearing down a building *pendente lite,* will be reversed when the material allegations of the bill, on which the complainant's equity depends, are met by a full, explicit and circumstantial denial under oath, from which it seems reasonably certain that there was no intention nor threat to tear down the building, but rather that the sole purpose of the town and its officer was to put the question in dispute between the town and the complainant in such form that it may be judicially decided.

On appeal from an order of the court of chancery advised by Vice-Chancellor Howell.

*Messrs. Hartshorne, Insley & Leake,* for the appellants.

*Mr. Howard F. Kirk,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from the award of a preliminary injunction.

The complainant below, Frank Brunetto, owned a lot of land on Bloomfield avenue, partly within the town of Montclair, and partly within the borough of Glen Ridge, the dividing line between the two municipalities running diagonally across the lot.

He wished to build a frame building on the rear of the lot, which was in Glen Ridge, and also apparently desired that the whole lot should be within the corporate limits of the town of Montclair.

Accordingly, on February 7th, 1916, the complainant's son caused to be introduced in the legislature a bill altering the Montclair line so as to coincide with the side and rear lines of complainant's lot and so bring the entire lot within the Montclair limits.   That bill was passed and approved by 'the governor, March 17th, 1916, and by its terms became effective April 1st, 1916.   *P. L. 1916 p. 294.*

On March 6th, 1916, the complainant applied to the building inspector of the borough of Glen Ridge for a permit for the moving of an old building to a new location and the erection of a new building on the rear part of his lot, and on March 7th, 1916, received such permit.

On March 7th, 1916, he began work and continued until April 6th, 1916, when the old building had been moved, the cellar excavated for the new building, and the cellar walls laid ready for the first tier of beams.

On April 6th, 1916, the building inspector of the town of Montclair (the act of annexation having taken effect April 1st, 1916) ordered the complainant to stop work on the frame build-

ing until a permit therefor was obtained from the town of Montclair as required by the "fire limit ordinance" of the town regulating the erection of buildings, and requiring permits therefor, adopted October 24th, 1910.

The following day complainant applied for such a permit and was refused because the proposed building did not conform to the requirements of the ordinance.

Thereupon the complainant filed this bill and took an order to show cause why an injunction should not issue restraining the town of Montclair and its building inspector from further proceedings to enforce the provisions of the "fire limit ordinance." Upon the hearing of that order upon the bill and affidavits a preliminary injunction was issued restraining the defendants *pendente lite* from enforcing the fire limit ordinance against the complainant with reference to the building in question, and also from abating, tearing down, removing or destroying such building, and from instituting suit for the penalty provided by the ordinance.

We are of the opinion that the defendants' appeal from that order is well taken.

The complainant averred in his bill, and it was admitted in the defendants' answering affidavit, that the building inspector of the defendant municipality ordered the complainant to stop work on his building until he procured a permit, and that he declared that if work was resumed without a permit, suit would be instituted for the penalty prescribed in the fire limit ordinance. The complainant further averred (whether rightly or wrongly we do not now decide) that the ordinance in question was invalid and not effective as to his property, and contended, and now contends, that he was entitled to have the municipality and its officers enjoined from instituting suit for such penalty.

We think not. An injunction will not issue to restrain a prosecution for a penalty under a municipal ordinance regulating the erection of buildings on the mere ground that such an ordinance is invalid or that it does not bind the property of the party seeking the injunction. Such grounds, if sound, constitute a complete defence to the prosecution in a court of law, and, if con-

victed, he has an adequate remedy by *certiorari*. *Bloomfield* v. *Glen Ridge, 55 N. J. Eq. 505.*

If equity had jurisdiction upon such ground, every controversy over the validity and binding effect of many ordinances enacted by the municipalities in the exercise of powers conferred upon them would furnish an occasion for interference by injunction; and thus would be presented the remarkable situation of courts of equity exercising supervisory power over the administration of a not inconsiderable part of the penal laws of the state.

It was, therefore, improper to restrain the defendants from beginning suit for the penalty of the ordinance.

It remains to be considered whether the injunction against tearing down the building was justified.

The object of a preliminary injunction is to prevent some threatening, irreparable injury pending a full and deliberate investigation of the case upon the merits, and it will not be ordered unless under the pressure of urgent necessity, and where the damage threatened during the pendency of the suit is of an irreparable character. *Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613; Citizens' Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299.*

It will not be granted merely to allay the fears and apprehensions of individuals. They must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed to their injury. *Meyer* v. *Somerville Water Co., supra; Lutheran Church* v. *Maschop, 10 N. J. Eq. 57.*

The general rule is that a preliminary injunction will not issue where the material facts in the bill, on which the complainant's equity depends, are met by a full, explicit and circumstantial denial under oath. *Meyer* v. *Somerville Water Co., supra; Citizens' Coach Co.* v. *Camden Horse Railroad Co., supra; Schlemm* v. *Whittle, 99 Atl. Rep. 206.*

Now, in the present case, the complainant contends that the allegation in his bill by way of conclusion that the town and building inspector "are threatening and preparing to tear down said building if your orator were to complete it according to his

plans" justifies the preliminary injunction. We think not. The defendant's affidavit made by the building inspector makes full, explicit and circumstantial denial of any such threat. He swears that the only thing he stated was that if work was continued he would begin suit for the penalty provided for in the ordinance. Moreover, he also denies under oath that he has, or ever had, any intention of tearing down complainant's building. It therefore seems reasonably certain that the sole purpose of the town and of its duly-authorized officer was and is to put the question in dispute between the town and the complainant in such form that it may be judicially decided. In such case a preliminary injunction was not justified.

On the question whether, if the proof had been different, chancery would have had jurisdiction, we express no opinion.

The order appealed from will be reversed, with costs.

*For affirmance*—None.

*For reversal* — THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.