PERTH AMBOY GAS LIGHT COMPANY, a corporation, complainant-respondent,

*v.*

ALEXANDER KILEK, individually and as administrator *ad prosequendum* of Eva Kilek, deceased, and EDWARD T. HANSON, one of the coroners of Middlesex county, defendants-appellants.

[Submitted May term, 1927.   Decided October 17th, 1927.]

When injunctive relief is prayed and an order to show cause made, the complainant at the hearing must establish its equity by legal evidence verified by the oath or affirmation of some person or persons who have knowledge of the facts.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder.

*Mr. Thomas Brown,* for the defendants-appellants.

*Messrs. Collins & Corbin* (*Mr. Edward A. Markley* and *Mr. David A. Newton,* of counsel), for the respondent.

The opinion of the court was delivered by

KAYS, J.

A bill was filed in the court of chancery, in this case, praying that Alexander Kilek, individually and as administrator *ad prosequendum* of Eva Kilek, deceased, and Edward T. Hanson, a coroner of Middlesex county, be ordered to permit the exhumation of the body of Eva Kilek, and further praying that an injunction issue restraining the defendant-appellant Alexander Kilek from prosecuting an action at law already begun in the New Jersey supreme court, against the

complainant-respondent, the Perth Amboy Gas Light Company. The bill was filed January 12th, 1927. An order to show cause why a stay should not be granted was duly made, and after hearing thereon, the order was made absolute. From this order the defendants-appellants appealed to this court.

The bill in chancery alleges the following facts:

Eva Kilek, wife of the administrator *ad prosequendum,* was said to have been asphyxiated by illuminating gas on or about February 15th, 1926, while residing in a house in the borough of Carteret, Middlesex county. The illuminating gas which was said to have caused her death was produced and negligently permitted to escape from a main of the Perth Amboy Gas Light Company in and around the premises occupied by the deceased, Eva Kilek. Her husband, Alexander Kilek, individually and as administrator *ad prosequendum,* brought suit in the New Jersey supreme court against the Perth Amboy Gas Light Company to recover damages for the death of his wife. The Perth Amboy Gas Light Company filed an answer to the complaint in the action at law, denying that her death was due to the cause alleged in the complaint. The said company requested the defendants-appellants, Alexander Kilek, administrator, &c., and Edward T. Hanson, a coroner of Middlesex county, to permit the body of the deceased to be exhumed for the purpose of having an autopsy made to determine whether or not Eva Kilek's death was a result of illuminating gas poisoning. The request of the Perth Amboy Gas Light Company for such exhumation was refused by the plaintiff in the action at law, and the said company thereupon filed a bill in chancery in this case, praying for a discovery of the cause of the death of the deceased, Eva Kilek, by the exhumation of her body and an autopsy thereon, and also praying that the action at law, commenced in the supreme court by the said administrator, in the meantime be stayed. The order to show cause above referred to was made and after argument thereon the stay was made absolute.

The defendants-appellants set up as one of the reasons for

reversal in their grounds of appeal that the affidavits, in support of the bill and stay, are inadequate.

There are only two affidavits supporting the bill and stay, one made by Mr. Markley, of the law firm of Collins & Corbin, who were the solicitors of the complainant, and another affidavit made by Mr. McIntyre of the same firm. The affidavit of Mr. Markley sets forth that the said company caused an investigation to be made on February 14th, 1926, of the premises where the said Eva Kilek resided, and found no evidence of any leaks of illuminating gas in the premises or in the vicinity at that time, and that the investigator was informed by neighbors in the vicinity that the said Eva Kilek was suffering from diarrhœa or dysentery on February 14th, 1926. Eva Kilek died February 15th, 1926. This affidavit is made on information and belief, and none of the facts contained in it are shown to be within the knowledge of the affiant. The other affidavit, made by Mr. McIntyre, is to the effect that he communicated with Dr. Otto Schultze, a physician of wide experience in autopsies, and that Dr. Schultze informed the affiant that an exhumation and autopsy of said body would definitely determine the cause of death and whether or not it was from illuminating gas poisoning. This affidavit is also on information, and none of the facts contained in it are within the knowledge of the affiant. Both affidavits are heresay. There is nothing in the affidavits, or in the statement of the case before this court, which discloses a valid reason for not obtaining the evidence or affidavit of Dr. Otto Schultze relative to the opinion which he is alleged to have rendered, nor is there anything in the other affidavit relative to the investigation as to why the person who made the investigation did not make an affidavit or give evidence in the case.

We are of the opinion that in order to support the charge of the bill the one affidavit should have been made by the person who made the investigation of the premises on February 14th, 1926, and should have therein stated the result of his investigation; and that the other affidavit relative to the opinion of Dr. Schultze should have been made by Dr.

Schultze himself. Rule No. 199 of the court of chancery provides:

"Where injunctive relief is prayed, and the facts which are relied upon for injunction are not within the knowledge of the complainant, such facts shall be verified by the oath or affirmation of some person who has knowledge of the facts, unless under the peculiar circumstance of the case the court shall dispense with such additional verification."

This has long been the practice in equity in regard to bills for injunction.

In the case of *Youngblood* v. *Schamp, 15 N. J. Eq. 42,* Chancellor Green, referring to a bill for injunction, said:

"It is not necessary that the facts should be proved by the affidavit of the complaint. Where the material facts are not within his knowledge, they should be verified by the oath or affirmation of some person who has a knowledge of the facts."

And in the case of *Holdrege* v. *Gwynne, 18 N. J. Eq. 26,* Chancellor Green said:

"It is another established principle of this court in the matter of injunctions, that all the facts necessary to sustain the injunction must be verified by positive proof, or the injunction will be dissolved."

In the case of *Camden and Amboy Railroad Co.* v. *Stewart, 21 N. J. Eq. 484,* Chief-Justice Beasley, in writing the opinion of this court, said:

"I am not aware that there is any relaxation of the rules of evidence with respect to affidavits annexed to injunction bills."

Vice-Chancellor Reed, in writing the opinion in the case of *Thompson* v. *Ocean City Railroad Co., 37 Atl. Rep. 129,* stated the practice to be that, though a rule to show cause why an injunction should not issue may be granted, in emergency cases, on a bill not sworn to as to all the facts, and supported by affidavits which do not contain strictly legal evidence as to some of the facts, complainant cannot, on the return of the rule, stand on these alone.

Vice-Chancellor Grey, in deciding the case of *Schoenfeld* v. *American Can Co. et al., 55 Atl. Rep. 1044,* stated the rule

relative to injunctive relief to be, that in order to be entitled to a preliminary injunction, the complainant must establish his equity by legal evidence. It is obvious from the relief asked for in this case that the important facts to be established are whether or not an autopsy at the present time would be likely to disclose the cause of the death of Eva Kilek, whether or not there was illuminating gas escaping from the pipes of the complainant company in or about the premises where the deceased lived, and whether or not the deceased's death was due to some other cause than asphyxiation by illuminating gas. The affidavits produced in this case in regard to these matters are purely hearsay and not legal evidence.

Therefore the order staying the action at law will be set aside, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.