HENRY P. RISSLER and FRANK J. RISSLER, complainants-respondents,

*v.*

PLUMBERS LOCAL NO. 326 OF UNITED ASSOCIATION OF JOURNEYMEN PLUMBERS AND STEAMFITTERS OF THE UNITED STATES AND CANADA, CHARLES FLYNN, STEAMFITTERS LOCAL NO. 284 OF UNITED ASSOCIATION OF JOURNEYMEN PLUMBERS AND STEAMFITTERS OF THE UNITED STATES AND CANADA, and VINCENT R. BECRAFT, defendants-appellants.

[Submitted February 14th, 1931. Decided October 19th, 1931.]

Mr. *Saul Nemser,* for the appellants.

Mr. *Ira Katzman* and Messrs. *Kussy, Fox & Kohn* (Mr. *Jacob Fox,* of counsel), for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from an order of the court of chancery awarding a preliminary injunction restraining the defendants from (a) refusing to permit members of the defendant labor unions to work for complainants; (b) declaring the complainants unfair to union labor; (c) interfering with the employes of the complainants in such a way as to disturb the complainants in the usual course of their business.

The defendants are two labor organizations with headquarters at Hackensack, New Jersey, and two business agents of such associations.

Upon the filing of the bill of complaint an order to show cause was granted against the defendants, and it was upon the return of this order that the matter was heard on complainants' bill and affidavits and answering affidavits filed by the defendants.

It appears that the complainants conducted a general plumbing and heating business in Hackensack, under the trade name of Rissler Brothers. One of the complainants,.

Henry P. Rissler, had been a member of Plumbers' Local No. 326, one of the defendants in this cause. He had some dispute in regard to his membership and the payment of his dues, resulting, as the complainants charge in their bill, in a situation wherein the complainants were unable to obtain any union plumbers or steamfitters from either of the defendant unions.

The complainants charge that they were performing a steamfitting contract on the premises located at Cedar Lane and Garrison avenue, Teaneck, New Jersey; that on or about July 14th, 1930, one of their employes, a steamfitter named Louis Jambor, working on this job, was ordered to stop work by the defendant Becraft, business agent of the defendant union known as Steamfitters' Local 284; that the defendant Becraft, as a representative of Steamfitters' Local 284, refused to furnish union help to replace Jambor on the ground that the complainants had been declared to be unfair to union labor. The bill prays that the defendants be restrained from interfering with the business of the complainants, and from refusing to supply complainants with union help, and from declaring complainants unfair to union labor.

Defendants in their answering affidavits, filed and read on the argument of the order to show cause, directly, categorically and unequivocally deny the charges of the bill on which complainants' equity depends; they deny that Jambor had been ordered off the job or that the job at Cedar Lane and Garrison avenue, or any other business of the complainants, had been interfered with in any manner whatsoever; they deny that they ever refused to furnish union help to complainants; they deny that they ever declared complainants unfair to union labor; they aver that the Teaneck job was practically finished and that Jambor had not left the job at all. Defendants' affidavits further aver that the real cause of the dispute between the complainants and the defendants was the fact that the complainant Henry P. Rissler, who had formerly been enrolled as a member of Plumbers' Local 326, had been expelled from that local for the non-payment of

dues. Defendants in their affidavits expressly offered to re-instate the complainant Henry P. Rissler in the union, upon his compliance with the constitution and by-laws thereof.

Now the object of a preliminary injunction is to prevent some threatening, irreparable injury pending a full and deliberate investigation of the case upon its merits; and it will· not be ordered unless from the pressure of urgent necessity, and where the damage threatened during the pendency of the suit is of an irreparable character. *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299; Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613; Brunetto* v. *Town of Montclair, 87 N. J. Eq. 338.*

It will not be granted merely to allay the fears and apprehensions of individuals. They must show the court that the acts against which they ask protection are not only threatened, but will, in probability, be committed to their injury. *German Evangelical Lutheran Church* v. *Maschop, 10 N. J. Eq. 57; Meyer* v. *Somerville Water Co., supra; Brunetto* v. *Town of Montclair, supra.*

The general rule is that a preliminary injunction will not issue where, as here, the material facts in the bill, on which the complainants' equity depends, are met by a full, explicit and circumstantial denial under oath. *Citizens Coach Co.* v. *Camden Horse Railroad Co., supra; Meyer* v. *Somerville Water Co., supra; Schlemm* v. *Whittle, 86 N. J. Eq. 415; Brunetto* v. *Town of Montclair, supra.*

Tested by these rules we think that the award of a preliminary injunction cannot be sustained, since we see no special circumstances in the proofs which in our opinion call for a departure from the general rule.

The complainants cite the case of *Ideal Laundry Co.* v. *Gugliemone, 107 N. J. Eq. 108,* in this court. That case does not help the complainants. There, of course, we were careful to point out that the complainant's case was *not* met by a full, explicit and circumstantial denial under oath.

Since the order for a preliminary injunction must be reversed for the reasons indicated, we refrain from discussing generally the merits of the case.

The order under review will be reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.