The bill sets out that complainants as trustees under a certain deed of trust became seized of lands in the borough of Essex Fells, Essex county, this state. In the year 1929 in furtherance of complainants' business of developing and selling lands, they laid out a street across a portion thereof in the borough, known as "Devon Road," running in a generally north and south direction connecting on the south with Oval road and on the north with Fells road and constructed therein an eight-inch tile, sanitary sewer line. The sewer, complainants allege, was constructed under an arrangement with the defendant which at that time and since owned and operated the municipal sewerage system for the collection and disposal of sewerage in the borough, by which agreement the sewer was to be constructed at the expense of the complainants but under the supervision and to the satisfaction of the superintendent of the borough's sewerage system; that the sewer upon its completion would be connected at a manhole at the intersection of Oval and Devon roads with a sewer located in Oval road; that the borough would, at its expense, construct an additional sewer line in Oval road, in such manner that the sewerage entering the manhole from the Devon road sewer would flow by gravity to the east and there be pumped to the westward over the crest of a hill and to a point approximately one thousand two hundred feet to the west of Devon road so that the sewer in Devon road would become and be a part of the borough's sewerage system and thereafter operated and maintained by it.
It is not denied that the defendant constructed the additional sewer line in Oval road as well as the pumping plant and that the Devon road sewer was connected with the same at the manhole and been in operation since the spring of 1930. *Page 352 
Three dwelling houses were erected, two by the complainants and the third by one R. George Stillman, to whom the complainants sold the land upon which it was built. The three dwellings are connected with the sewer in Devon road, application to make such connection having first been made to the borough and permission granted upon the payment of $50 to the borough in each instance.
On the twenty-fourth day of January, 1934, complainants were notified by letter from the borough attorney, that at a meeting of the borough council upon report by Mr. Assmann, it was discovered that heavy infiltration of rain water was getting into the borough's disposal plant. That among other sources was the sewer in Devon road north of Oval road, and that "his [Assmann's] investigations have satisfied him that, while this entire line is badly in need of repair and should all be repaired if furtherconnection of it to the borough sewer system is to bepermitted, there is one section, namely, from Oval road to a point about two hundred and fifty feet north of Oval road, which has been producing a very great deal of infiltration." (Italics mine.) The letter further states that the borough is obliged to pump this infiltration and that this has become a burden which requires immediate action. "For these reasons I was directed to notify you that the council insists that, within sixty days from the date of this letter, you repair the Devon road line from Oval road north to a point which will be indicated to you by Mr. Assmann, and which, as I understand it, is about two hundred and fifty feet north of Oval road. * * * Unless the repair of that section indicated is made within the time above specified and to the satisfaction of the sewer committee of the council, I am directed to notify you that the connection of this entire line with the borough sewer system will be broken." (Italics mine.) On March 13th, 1934, another letter from the borough attorney reads that "the sixty-day period expires on March 24th, and I was instructed last night to advise you that the connection will be broken on that day if the line is not fixed in the meantime. *Page 353 
I was also instructed to send to the three residents who will be affected by this action a copy of the letter which I sent you an January 24th, so that they may be advised in advance of the situation."
The bill charges that the threatened action of the defendant municipality is unjustified; will create a nuisance not only public but private to complainants and that the damage is irreparable to the complainants and owners and occupants of the dwellings fronting on Devon road, and prays injunction against the borough and its officers, restraining them from cutting off the said sewer line or in any wise interferring with the discharge of sewerage therefrom into the borough sewerage system.
The matter is before me on the return of an order to show cause containing temporary restraint. The borough does not deny that the Devon road sewer is connected with and forms a part of the sewerage system of the borough. What it denies is formal action by the governing body granting such permission.
The affidavits submitted establish the following facts: The sewer in Devon road was constructed sometime in 1929, and before the sewer into which it empties was built in Oval road, and to which it has been connected since the spring of 1930. The plans prepared by the engineer for the borough made provision for such connection, and later when it was discovered that the plans would have to be altered to accommodate the sewer in Devon road, this was done by the borough at some additional expense. Moreover, the Devon road sewer was constructed under the direction and superintendence of one Van Dien, the borough superintendent of sewers, who was also the borough clerk and collector. The sum of $50 was thereafter exacted from and paid to the borough by the owners of the three dwellings on Devon road for permission to connect with the sewer, and the connections so made were made under the superintendence of Van Dien or his subordinates. The Oval road sewer quoting from the affidavit of Charles H. Capen, borough engineer, was designed "to accommodate *Page 354 
all present and future lateral lines in the drainage area served by said main sewer, including the already constructed line in Devon road to the north of Oval road."
The defendant borough had full control over its sewerage system, and complainants had no right to connect their sewer with it without its consent. 4 McQuillin, Municipal Corporations
(2d ed.) § 1566. That consent I find was given. It was not necessary that it be in writing. Written consent was waived by a course of conduct which indicated an intention so to do.Sheridan v. Salem, 148 Mass. 196. It may well be (although not now decided), that the conduct on the part of the borough herein recited constitutes an acceptance of the sewer in question. City of Atlantic City v. Associated Realties Corp.,73 N.J. Eq. 721.
In a proper case a municipal corporation will be restrained by injunction from creating a nuisance on private property, as by the discharge of sewerage or drainage thereon. 6 McQuillin,Municipal Corporations (2d ed.) § 2666. That the sewerage would flow on complainants' lands in the event the sewer is cut off cannot be doubted, and that this would constitute a nuisance and entitle complainants to relief is well established. CentralRailroad Co. of New Jersey v. Mayor and Aldermen of JerseyCity, 92 N.J. Eq. 100.
If the borough conceives that complainants by reason of failure to discharge a duty are liable for the alleged damage caused it by the infiltration complained of, an adequate remedy at law is afforded.
The object of a preliminary injunction is to prevent some threatened, irreparable injury pending a full and deliberate investigation of the case upon its merits; and it will not be ordered unless from the pressure of an urgent necessity, and where the damage threatened during the pendency of the suit is of an irreparable character. Citizens Coach Co. v. Camden HorseRailroad Co., 29 N.J. Eq. 299; Meyer v. Somerville Water Co.,79 N.J. Eq. 613, and Rissler v. Plumbers Local No. 326, c.,109 N.J. Eq. 91.
Preliminary injunction will issue pending final hearing. *Page 355