MARY BENTON et al., complainants-respondents,

*v.*

ELIZABETH G. KERNAN, individually and as executrix of the estate of Michael Kernan, deceased, LOUIS KERNAN, KERN-O-MIX, INC., MARY KERNAN and SAVINGS INVESTMENT AND TRUST COMPANY, individually and as trustees of the last will and testament of Richard L. Kernan, deceased, defendants-appellants.

[Argued May 25th, 1939.   Decided October 16th, 1939.]

*Messrs. Bilder, Bilder & Kaufman (Mr. Nathan Bilder* and *Mr. Samuel Kaufman,* of counsel), for the appellants Elizabeth G. Kernan, individually and as executrix, &c., Louis Kernan and Kern-O-Mix, Inc.

*Mr. Merrill Lane,* for the respondents.

The opinion of the court was delivered by

HEHER, J.

We are constrained to modify the challenged order by the deletion of the provision enjoining appellants from "operating" their "quarry property and business * * *, or any part or branch" thereof, "in such manner as to cause, by blasting of stone, the houses of complainants, or any of them, or any part or parts of their houses, to vibrate * * *."

At the outset, it would seem that an injunction against any and all vibration, irrespective of ensuing damage to respondents, plainly goes beyond fair protective needs, and constitutes an invasion of appellants' property rights. Indeed, it would prevent the operation of the quarry, for it is inconceivable that this business could be prosecuted without the transmission at times of some degree of vibratory force to adjacent lands.

But however this may be, an interlocutory restraint so sweeping, even though in some cases it may reasonably be deemed necessary to protect against actual injury, should not issue unless from the pressure of an urgent necessity, *i. e.*, to prevent *pendente lite* threatened injury of an irreparable character; and, where the material allegations of fact essential to create an equity in complainants' favor are met by a full, explicit and circumstantial denial under oath, such injunctive process is awarded only in exceptional cases. *Citizens' Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299; Delaware, Lackawanna and Western Railroad Co.* v. *Central Stock-Yard and Transit Co., 43 N. J. Eq. 77; affirmed, Id. 605; Hagerty* v. *Lee, 45 N. J. Eq. 255; Simmons* v. *Paterson, 60 N. J. Eq. 385; McMillan* v. *Kuehnle, 78 N. J. Eq. 251; Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613; Brunetto* v. *Town of Montclair, 87 N. J. Eq. 338; Kearny* v. *Bayonne, 92 N. J. Eq. 627; Helbig* v. *Phillips, 105 N. J. Eq. 328; affirmed, 107 N. J. Eq. 138; Ideal Laundry Co.* v. *Gugliemone, 107 N. J. Eq. 108; Kellett* v. *Local No. 274, &c., 114 N. J. Eq. 107; Bayonne Textile Corp.* v. *American Federation of Silk Workers, 116 N. J. Eq. 146; Sneath* v. *Lehsten, 120 N. J. Eq. 327; West Jersey Railroad Co.* v. *Cape May and Schellenger's Landing Railroad Co., 34 N. J. Eq. 164; Nowak* v. *Baier, 78 N. J. Eq. 112; Spoor-Thompson Machine Co.* v. *Bennett Film Laboratories, &c., 105 N. J. Eq. 108.*

The essential function of the preliminary injunction is to avert such threatened irreparable mischief until an opportunity is afforded for a full and deliberate investigation of the case in the ordained mode. *Attorney-General* v. *City of Paterson, 9 N. J. Eq. 624; Meyer* v. *Somerville Water Co., supra; Brunetto* v. *Town of Montclair, supra; Rissler* v. *Plumbers Local No. 326, &c., 109 N. J. Eq. 91; Board of Health of Pompton Lakes* v. *E. I. DuPont de Nemours Powder Co., 79 N. J. Eq. 31.* It will not be amiss to direct attention again to the admonition of Chief-Justice Beasley in the *Citizens' Coach Co. Case, supra,* quoting from *Bonaparte* v. *Camden and Amboy Railroad Co., Bald. C. C. 205, 217:*

"There is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case, than the issuing of an injunction."

We do not deem applicable the principle invoked by the learned vice-chancellor that the interlocutory injunction may issue for the "protection of one's dwelling-house against nuisances which render it uncomfortable, * * * even when the existence of the nuisance is disputed"—citing *Cronin* v. *Bloemecke, 58 N. J. Eq. 313*. There the injunction was directed to certain incidents of the conduct of baseball games on grounds adjacent to complainant's dwelling house, such as the frequent dropping of balls upon complainant's premises and damages resulting from trespasses in their recovery; and the vice-chancellor, in holding that in respect thereto defendants' affidavits did "not fully meet complainant's case," and the proofs made out "a *prima facie* case of serious annoyance" entitling complainant "to a proper protection against the continuance thereof pending the final hearing," was careful to point out, as a circumstance making "the case * * * one proper for preliminary injunction," that the writ "can be directed in a form which will not interfere with the games if lawfully carried on." This distinguishing feature is not present here as regards the clause of the injunction now under consideration. Then, too, the allegations of damage to respondents' property, traceable to blasting on appellants' premises, are fully and directly controverted under oath. The existence of this basic fact is fairly disputed. Compare *Board of Health of Pompton Lakes* v. *E. I. DuPont de Nemours Powder Co., supra.*

. And there are other considerations leading to the same result:

Appellants' business has been long established, and represents a large capital investment. It was founded in 1905, when the surrounding area was wooded land, wholly devoid of residential uses. The quarry has since been continuously operated, without complaint from adjacent owners until recent years. Since 1937, it has been operated under succes-

sive permits issued by the village of South Orange pursuant to an ordinance regulating blasting within the municipal confines; and there has been no complaint charging a violation of the ordinance, nor was any proceeding instituted to revoke the operating permit. The defendant operators are now under contract to furnish large quantities of quarried stone to various governmental agencies and to private industry.

Quite conceivably, this restraint would work irreparable injury to appellants; and while this is a circumstance that, in and of itself, constitutes no absolute bar to relief, it has pertinency as regards the balancing of equities, *i. e.,* whether greater inconvenience and loss will result to complainants or defendants in the granting or withholding of preliminary relief. Compare *Aldrich* v. *Union Bag and Paper Co., 81 N. J. Eq. 244.*

Moreover, with knowledge of the existence of the quarry in an active state, complainants purchased their respective homes many years before the filing of their bill of complaint. The development of the surrounding area for residential purposes began in the early 1920's; and, while the growth was rapid, the adjacent dwellers were not moved to remedial action until the filing of the bill of complaint herein, in December, 1938. While this use of the neighboring lands for residential purposes, in the face of the existing quarry, did not operate to deprive respondents of the right to the injunctive process against acts destructive of their property rights, the long delay serves to outweigh the present claim of threatened irreparable loss. *Tichenor* v. *Wilson, 8 N. J. Eq. 197; Meigs* v. *Lister, 23 N. J. Eq. 199; Stohf* v. *Passaic Piece Dye Works, 108 N. J. Eq. 46.* In this regard, Professor Pomeroy has made the following pertinent observation: "One may lose his right to a temporary injunction by delay in a shorter time than will bar him from procuring a permanent injunction; by his delay he shows that he himself did not consider his damage so serious as to require emergency protection." *Pomeroy's Equity Jurisprudence (2d Ed.)* § *1949.*

There is no occasion to determine the propriety of the restraint against blasting "in such manner as to cause injury

or damage of any kind to the houses of complainants." We do not read appellants' argument as challenging this provision. It suffices to say that it merely relates to the duty owing under the law by the operators of the quarry to their neighbors.

The order is accordingly modified, and, as so modified, affirmed; and the cause is remanded for further proceedings not inconsistent with this opinion.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.