Complainant, in its bill and a supporting affidavit charging the existence and continuance of a public nuisance, seeks *Page 52 
preliminary injunctive relief. Defendant, submitting his own and an affidavit of a civil engineer, resists.
Defendant owns and, with his family, occupies a dwelling on South Main street in the town of Medford, Burlington county. The community lacks a public sewage system and private cesspools are in general use. Defendant purchased the premises in question some thirty years ago; two cesspools were then installed in the yard and defendant later added another, interconnecting the three. Also, he installed a grease trap between his kitchen drain and one of the pools, with two water overflow pipes, one connecting with the other pools and the other with a neighbor's drain to the street.
The allegation of the bill is that defendant and his family "cause, permit and allow great quantities of waste water, sewage, kitchen waste and bathroom and toilet excrement to be drained into two or more cesspools * * * where such waste materials and drainage, * * * are permitted to lie and are presumed to seep or otherwise percolate into the soil of the said premises." "Such waste materials and drainage * * * in part or in whole, do not or cannot be accommodated by the surrounding soil because of the lack of grease traps or other proper facilities, with the result that such cesspools * * * become filled and overflow so that said drainage, sewage and waste material overflows from such cesspools * * * upon the surrounding land and soil of the defendant and from thence run across the surrounding lands onto the public sidewalk in front of the said premises and from thence into the hard gutter and hard surface street * * * and from thence run along the gutter and street for a considerable distance." "Said overflowing materials * * * give forth stench, foul odors, creating a most unpleasant condition so far as the sidewalk, gutter and street are concerned, are a source of collection of flies and other insects, does or may contain germs or otherwise may be the source of disease breeding * * * and are a source of public nuisance and a detriment to public health and comfort of all persons in the vicinity thereof."
Attached to the bill is an affidavit of the secretary of the Board of Health of the township of Medford, stating that as *Page 53 
of January 1st, 1941, the local board of health declared conditions existing at defendant's premises to be a public nuisance; that defendant had been notified that the board had so announced and had been repeatedly requested and ordered to abate the alleged nuisance.
Defendant presented his own and an affidavit of a civil engineer with experience in sanitary engineering in reply. Every material allegation of the bill and its accompanying affidavit are directly denied. Defendant and the engineer both declare that an efficient grease trap is in operation and that only overflow water from the kitchen may run to the street and then only after passing through the grease trap. The engineer also states that, in his opinion, it would be impossible for water to run out of any of the cesspools through the soap trap and into the street, and that evidence of water overflowing to the street was observable only for a few feet at the outlet. The engineer added that he had located two other cesspools on adjoining properties one of which was "weeping" and the other, in his opinion, "filling the defendant's cesspools with water."
The general equity jurisdiction of this court is not invoked by the bill. The sole basis for the present application is the statutory right given to the relators by the Health act, R.S.26:3-56, to file a bill for an injunction to prohibit the continuance of "a nuisance hazardous to the public health."
Prior to the Health acts the usual remedy for a public nuisance was by indictment, where the fact of nuisance, when disputed, was established by a jury, and a judgment preceded an abatement. Independent of special statutory jurisdiction, the general rule had been settled that, where the grievance was subject to indictment, equity would interfere only with great reluctance, even though that interference was sought by the attorney-general.Township of Raritan v. Port Reading Railroad Co., 49 N.J. Eq. 11
(at p. 16); 23 Atl. Rep. 127.
While the Health acts expressly confer jurisdiction upon the Court of Chancery for injunction, the nuisance to be enjoined must be a nuisance hazardous to the public health and a nuisance such as would subject the defendant to indictment. *Page 54 State, ex rel. Board of Health of Hackensack v. ChosenFreeholders of Bergen County, 46 N.J. Eq. 173, 177;18 Atl. Rep. 465; affirmed, 48 N.J. Eq. 294; 22 Atl. Rep. 203.
Only one precedent has been called to my attention where a preliminary injunction was sought in this court under the authority of this statute. In that cause, Board of Health ofPompton Lakes v. E.I. DuPont DeNemours Powder Co., 79 N.J. Eq. 31; 80 Atl. Rep. 998, Vice-Chancellor Emery suggested that it may fairly be questioned whether, on a bill of this kind, there is any right in the court to grant a preliminary injunction, if the existence of the public nuisance is fairly disputed. The Vice-Chancellor pointed out that in Board of Health v. Summit,56 Atl. Rep. 125, he had held that there was no such right to a preliminary injunction in a somewhat similar proceeding under another statute conferring Chancery jurisdiction on the relation of a local board of health to prevent the pollution of a stream by the use of structures discharging sewage.
It is obvious that on several grounds the preliminary injunctive relief here sought must be denied.
In the leading case of Citizens Coach Co. v. Camden HorseRailroad Co., 29 N.J. Eq. 299, Chief-Justice Beasley defined rules governing the consideration of preliminary injunctions which have never since been challenged. These rules apply here: "First: It is entirely settled that a preliminary injunction will never be ordered unless from the pressure of an urgent necessity. The damage threatened to be done, and which it is legitimate to prevent, during the pendency of the suit, must be, in an equitable point of view, of an irreparable character.
"In the second place: No rule of equity is better settled than the doctrine that a complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled.
"In the third place: * * * The general rule, subject to but a few exceptions, is that if the facts constituting the claim of the complainant for an immediate interposition *Page 55 
of the court are controverted, under oath, by the defendant, the court will not interfere at the initial stage of the cause."
In the instant matter no urgent necessity is demonstrated in the bill or its accompanying affidavit. There is no direct statement of fact persuasive that the alleged nuisance is presently "hazardous to the public health and a nuisance such as would subject the defendant to indictment." The controversy has existed between the local board of health and the defendant at least since July of 1939, when a complaint was made by the board before a justice of the peace and defendant was convicted, which conviction was subsequently set aside on appeal. In the nineteen months which have intervened, no new complaint has been made and no attempt has been made, as authorized by the statute, to summarily abate the nuisance.
Serious question exists as to the right of this court to grant preliminary injunctive relief, under this statute, as was pointed out by Vice-Chancellor Emery in Board of Health of PomptonLakes v. E.I. DuPont DeNemours Powder Co., supra.
Vice-Chancellor Bigelow, in Wilentz v. Crown Laundry Service,Inc., 116 N.J. Eq. 40; 172 Atl. Rep. 331, citing Atlantic CityWater Works Co. v. Consumers Water Co., 44 N.J. Eq. 427;15 Atl. Rep. 581, said: "The rule applies when complainant relies on a statute, the constitutionality or interpretation of which is an unsettled legal problem."
Every fact creating a possible equity in favor of the complainant here has been, as hereinbefore pointed out, directly denied under oath. A preliminary injunction will not be granted merely to allay fears and apprehensions. Complainant must show the court that the acts against which protection is asked are not only threatened, but will, in probability, be committed and result in irreparable injury. Meyer v. Somerville Water Co.
(Court of Errors and Appeals), 79 N.J. Eq. 613;89 Atl. Rep. 545; Brunetto v. Town of Montclair (Court of Errors andAppeals), 87 N.J. Eq. 338; 100 Atl. Rep. 201; Rissler v.Plumbers' Local No. 326, c. (Court of Errors and Appeals),109 N.J. Eq. 91; 156 Atl. Rep. 498; Sneath v. Lehsten (Courtof Errors and Appeals), 120 N.J. Eq. 327; 185 Atl. Rep. 55. *Page 56 
Complainant's claim in its bill, definitely denied, is that overflowing material "does or may contain germs or otherwise may be the source of disease breeding and are otherwise considered and are a source of public nuisance and a detriment to public health and comfort of all persons in the vicinity." The affidavit of the secretary of the board of health contains no statement of fact as to any condition hazardous to the public health. Chancellor Green said in Holdrege v. Gwynne, 18 N.J. Eq. 26,
"It is another established principle of this court in matters of injunction that all the facts necessary to sustain the injunction must be verified by positive proof, or the injunction will be dissolved." And Chief-Justice Beasley, in Camden and AmboyRailroad Co. v. Stewart, 21 N.J. Eq. 484, declared, "I am not aware that there is any relaxation of the rules of evidence with respect to affidavits annexed to injunction bills." In PerthAmboy Gaslight Co. v. Kilek, 101 N.J. Eq. 805;138 Atl. Rep. 886, the Court of Errors and Appeals set aside an order staying an action at law because the affidavits were purely hearsay and not legal evidence.
A further consideration to be weighed on this application is that of delay. While complainant claims to have notified defendant of its contention and of its conclusion that a nuisance existed, it admits that it took no further action over a period of nineteen months immediately preceding its present application. Such inaction is certainly persuasive that no preliminary injunction is here necessary. Long delay may serve to outweigh a claim of threatened irreparable injury: Benton v. Kernan,126 N.J. Eq. 343; 8 Atl. Rep. 2d 719, modifying 125 N.J. Eq. 412; 6 Atl. Rep. 2d 195.
The application will, therefore, be denied, the costs to abide the event of final hearing. *Page 57